IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CAPITAL ACTIVE FUNDING, INC., <br> Plaintiff, <br> <br> v. <br> <br> B&L CONSTRUCTION & REMODELING, KIC DEVELOPMENT, LLC, VETERANS CONSTRUCTION, INC., ACE CONSTRUCTION, EARL G. HALL, BERNARDO GUTIERREZ, LUZ MARIA GUTIERREZ, and CHRISTINA BARELA, <br> Defendants. | § § § § § § § § § § § § § § § | EP-11-CV-257-DB |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Defendants Veterans Construction, Inc. ("VCI") and KIC Development, LLC's ("KICD") (collectively "VCI/KICD") "Motion to Dismiss Plaintiff's First Amended Complaint," ("Motion to Dismiss") filed in the above-captioned cause on September 2, 2011. Also before the Court are Plaintiff Capital Active Funding, Inc.'s ("CAFI" or "Plaintiff") Response and VCI/KICD's Reply filed September 26, and October 10, 2011, respectively. Finally, the Court construes Plaintiff's Response as a Motion to Amend Pleadings ("Motion to Amend"). For the reasons stated below, the Court finds that VCI/KICD's Motion to Dismiss should be granted and that Plaintiff's Motion to Amend should be denied.

### BACKGROUND AND PROCEDURAL POSTURE

The instant action comes before the Court on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). As such, in reciting the facts below, the Court accepts "all well-pleaded facts [in the First Amended Complaint] as true," and

"view[s] them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotations omitted).

CAFI is a Texas corporation that specializes in funding government contract work. On January 7, 2010, CAFI entered into a "Factoring and Security Agreement" ("the January 2010 Contract") with B&L Construction and Remodeling ("B&L"), a sole proprietorship with its principal place of business in Texas that operates as a government construction contractor. Bernardo Gutierrez ("B. Gutierrez") and his wife Luz Maria Gutierrez ("L. Gutierrez") are residents of Texas, and owners of B&L. Pursuant to the terms of the January 2010 Contract, CAFI agreed to advance B&L funding for its government contracts; in exchange, B&L made CAFI the creditor with first priority for collection of any proceeds B&L retained from the government contracts.

On May 20, 2010, B&L entered into a subcontract with VCI/KICD to perform work on Building 241, a government construction project at Fort Bliss, Texas. Likewise, on August 23, 2010, B&L and VCI/KICD entered a second subcontract to perform work on the ARRA 8 Building, also at Fort Bliss. Christine Barela ("Barela"), a resident of New Mexico, served as personal guarantor on two performance bonds for each subcontract. The Defendants made verbal and written representations to CAFI that the personal guarantees were viable bonds, and CAFI provided B&L a total of $176,000. The instant action comes before the Court because the amount was never paid back in full to CAFI. Earl Hall ("Hall"), a resident of Texas and a putative agent of VCI/KICD, represented to CAFI that B&L would pay back the contracted amount. On February 16, 2011, CAFI received a $40,000 payment. Further, on May 4, 2011,

CAFI sent a demand letter to all Defendants for the remaining sum, but $136,000 remains outstanding on the balance.

On June 14, 2011, CAFI filed its Original Complaint against VCI, KICD, B&L, B. Gutierrez, L. Gutierrez, Barela, Hall, and ACE Construction ("ACE"), an unincorporated entity located in El Paso, Texas owned by Hall. The Original Complaint alleges two violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) & (d) (2006), and one claim under common law fraud. On July 28, 2011, VCI/KICD filed their first Motion to Dismiss pursuant to Rule 12(b)(6). Nevertheless, on August 18, 2011, CAFI filed its First Amended Complaint ("Amended Complaint"), and the Court, therefore, denied VCI/KICD's motion as moot on August 26, 2011. The Amended Complaint alleged the same two RICO claims and common law fraud claims of the Original Complaint, but added claims for civil conspiracy and tortious interference with an existing contract.[1]

Pursuant to § 1962(c), Plaintiff alleges that Defendants collectively formed an enterprise as defined in § 1961(4), which enterprise came into existence on January 7, 2010, for the purpose of defrauding CAFI into providing funding for government construction projects. CAFI further alleges that the racketeering activity constituted the transmission of fraudulent bonds and documents through the mail and email, actions it claims violate 28 U.S.C. §§ 1341 & 1343 (2006), mail and wire fraud, respectively. Specifically, CAFI avers that the subcontracts between B&L and VCI/KICD were fraudulent because, under the Miller Act, 40 U.S.C. §§ 3131-3134 (2006), each subcontract required a bond, "supported by an authorized surety company [] contain[ing] specific language" "to secure payment to those assisting B&L with its work," but

---

[1] The Amended Complaint also alleges a breach of contract claim and a *quantum meruit* claim against B&L but not against any of the other named defendants.

3

the bonds signed by Barela for each subcontract were fraudulent as they were supported by a personal guarantor, not an authorized surety, and "did not contain any of the required language."

Plaintiff next alleges that Defendants violated § 1962(d) by conspiring to violate § 1962(c) and by agreeing not to pay back CAFI any of the proceeds from the January 2012 Contract. Moreover, the Amended Complaint alleges that Defendants committed common law fraud by misrepresenting to CAFI that they would repay the proceeds of the January 2012 Contract and states that Defendants committed civil conspiracy under Texas law by agreeing to defraud CAFI by not repaying it. Finally, the Amended Complaint avers that Defendants committed tortious interference with an existing contract because all Defendants knew of CAFI's interest in the January 2010 Contract but instead willfully and intentionally interfered with the contract. The instant Motions followed.[2]

VCI/KICD first argues that CAFI's RICO claims should be dismissed as there are no facts showing an enterprise, a pattern of racketeering, or racketeering activity. Moreover, VCI/KICD argues that the Court should dismiss CAFI's RICO mail/wire fraud claims, RICO conspiracy claim, and common law fraud claims because CAFI has failed to plead these causes of action with particularity as required under Federal Rule of Civil Procedure 9. VCI/KICD also allege that the Amended Complaint misstates and mischaracterizes the requirements under the Miller Act because the statute only applies to the prime contractor and not to a factoring company like CAFI for a subcontract. Finally, VCI/KICD argues that once the Court dismisses

---

[2] The instant Motions were filed on behalf of KICD and VCI as all other named defendants failed to answer CAFI's complaints. As such, on September 8, 2011, CAFI filed motions for default judgment against B&L, B. Gutierrez, L. Gutierrez, Hall, and ACE; the Court granted all the motions on September 19, 2011. Further, CAFI filed a motion for default against Barela on September 21, 2011, and the Court granted that motion on September 23, 2011.

4

the RICO claims, the Court should dismiss CAFI's claims under state law because the Court would be without subject matter jurisdiction to hear those claims.

In response, CAFI argues that the Court should not dismiss its case because the facts in the Amended Complaint are sufficient to make out a plausible claim for relief and put Defendants on notice of such claims. Moreover, CAFI states that far from testing the sufficiency of the pleadings, VCI/KICD have asked the Court to decide the case on the merits. Further, CAFI alleges that it has stated its fraud and RICO claims with particularity. Finally, CAFI petitions the Court for leave to amend the Amended Complaint should the Court find that CAFI has failed to plead sufficient facts to withstand dismissal under Rule 12(b)(6). VCI/KICD replies that CAFI's response fails to prove any factual or legal basis upon which relief can be granted on its RICO claims. The Court addresses these arguments below.

## LEGAL STANDARD

To determine whether a claim survives a Rule 12(b)(6) motion, courts engage in a two-step analysis. *See Ashcroft v. Iqbal,_U.S._,* 129 S.Ct. 1937, 1948-50 (2009); *see also Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010). First, courts review the complaint, separating assertions of fact from legal conclusions. *See Edwards*, 610 F.3d at 219. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S.Ct. at 1949. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, courts determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Edwards*, 610 F.3d at 219 (internal quotations

5

omitted). Whether a claim is plausible is context-specific, requiring "the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

## DISCUSSION

### I. Violations of the Racketeer Influenced and Corrupt Organizations Act

In their Motion, VCI/KICD argue that the Amended Complaint fails to state facts showing that KICD and VCI were part of or maintained an enterprise as defined in the statute. CAFI does not respond to this argument. Nevertheless, the Court agrees with VCI/KICD.

Counts One and Two of the Amended Complaint allege violations of §§ 1962(c) and 1962(d) of the civil RICO statute. *See* 18 U.S.C.A. §§ 1962(c) & (d) (2000). In simple terms, subsection (c) states that "a person who is employed by or associated with an enterprise cannot conduct the affairs of the enterprise through a pattern of racketeering activity," while subsection (d) states that "a person cannot conspire to violate subsections (a), (b), or (c)." *Abraham v. Singh*, 480 F.3d 351, 354-55 (5th Cir. 2007). "Regardless of subsection, RICO claims under § 1962 have three common elements: '(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *Id.* (quoting *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996)).

Section 1961 of the RICO statute defines "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity . . . ." 18 U.S.C.A. § 1961(4) (West 2000). "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations, which establish the existence of an enterprise." *Elliot v. Foufas*, 867

F.2d 877, 881 (5th Cir. 1989). The United States Court of Appeals for the Fifth Circuit ("the Fifth Circuit") has explained that an enterprise must be "an entity separate and apart from the pattern of activity in which it engages." *Atkinson v. Anadarko Bank & Trust Co.*, 808 F.2d 438, 441 (5th Cir. 1987) (internal quotations omitted). Moreover, "[i]f the enterprise alleged is an 'association in fact' enterprise, the plaintiff must show evidence of an ongoing organization, formal or informal, that functions as a continuing unit over time through a hierarchical or consensual decision-making structure." *Elliot*, 867 F.2d at 881. "Finally, the plaintiff must plead specific facts which establish that the association exists for purposes other than to commit the predicate acts." *Id.* ("The mere fact that individuals might have joined together to defraud Elliot of her commission is insufficient.").

Here, the Amended Complaint alleges the following facts to show that Defendants in the instant cause operated as an "association in fact enterprise." First, the Amended Complaint alleges that the enterprise came together on January 7, 2010 "for the purpose of defrauding [CAFI] into providing funding for performance on the federal construction projects." Moreover, CAFI alleges that each Defendant participated in the operation and management of the enterprise. Specifically, the Amended Complaint alleges that "Barela was the personal guarantor on the bond; B&L signed and acknowledged the bond, and VCI/KICD accepted the bond and presented it to the federal government." Finally, to establish "ongoing criminal activity," the Amended Complaint states that "[t]here are a number of cases filed against Barela and other Defendants in courts throughout this country alleging similar causes of action as raised in the instant case: No. 3:11-cv-169-FM . . . in the Western District of Texas . . . and . . . No. 1:10-cv-654 . . . in the Middle District of North Carolina."

Nevertheless, CAFI has failed to state facts to show that the association existed for any purpose other than to commit the predicate acts. Indeed, the Amended Complaint states that the enterprise came together on January 7, 2010, specifically "for the purpose of defrauding [CAFI] into providing funding for performance on the federal construction projects." As such, if the enterprise came together to defraud CAFI, it cannot exist for a purpose other than to commit the predicate act. As the Fifth Circuit stated in *Elliot*, "[t]he mere fact that individuals might have joined together to defraud [the plaintiff] . . . is insufficient." *Elliot*, 867 F.2d at 881. Similarly, CAFI has failed to plead any plausible facts to show that the enterprise functioned as a continuing unit over time. Although the Amended Complaint makes the conclusory statement that the enterprise conducted itself by "presenting fraudulent bonds and making false representations regarding those bonds," it is clear from the Amended Complaint that these "fraudulent bonds" and misrepresentations were all made solely in conjunction with the January 2010 Contract. CAFI provides no other instance in which Defendants collectively have engaged in the act of presenting fraudulent bonds. Nor can CAFI save itself by arguing that Defendants here engaged in continuing activity simply by citing two cases, neither of which involve the vast majority of Defendants in this case. To be sure, one cited case involves Barela and B. Gutierrez, while the other only involves Barela. Therefore, because Plaintiffs have failed to plead facts to establish that the association existed for purposes other than to commit the predicate acts and because the Amended Complaint fails to plead facts establishing that the association functioned as a continuing unit over time, the Court finds that Counts One and Two of the Amended Complaint should be dismissed. Having so decided, the Court now determines whether it should grant Plaintiff leave to amend its Amended Complaint.

## II. CAFI's Motion to Amend

Next, CAFI petitions the Court for leave to amend the Amended Complaint if the Court finds that CAFI has failed to plead sufficient facts to state a claim for relief. A party may amend its pleading once as a matter of course within twenty-one days of serving it or twenty-one days after service of a motion under Rule 12(b), whichever is earlier. FED. R. CIV. P. 15(a). In all other cases, a party may only amend its pleadings with the written consent of the opposing party or with the court's leave. FED. R. CIV. P. 15(a)(2). Pursuant to Federal Rule of Civil Procedure 15(a) ("Rule 15(a)"), courts should "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Although Rule 15(a) creates a liberal standard for granting leave to amend a complaint, some factors may weigh against granting leave. *Barnes v. Madison*, 79 F. App'x 691, 698 (5th Cir. 2003). These factors, articulated in *Foman v. Davis*, 371 U.S. 178, 182 (1962), include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Id.* (internal quotations omitted).

Here, CAFI has already filed an amended complaint once as a matter of right. Further, VCI/KICD filed a Motion to Dismiss under Rule 12(b)(6) before CAFI filed its amended pleadings, thereby putting Plaintiff on notice that its pleadings were insufficient. CAFI should have taken the opportunity to cure any deficiencies at that time but failed to do so. Nevertheless, the Court finds that justice does not require CAFI to have a second opportunity to

amend its pleadings as, at its core, the instant case is steeped in contract law masquerading as a RICO cause of action. Therefore, the Court finds that any attempt by CAFI to replead its RICO claims would be futile. Consequently, the Court denies CAFI's Motion to Amend. Finally, the Court decides whether to retain jurisdiction over Plaintiff's state law claims.

**III. Supplemental Jurisdiction over State Law Claims**

A district court has original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C.A. § 1331 (West 2006), and where the parties' citizenship is completely diverse and the amount in controversy exceeds $75,000. *Id.* § 1332(a). Moreover, a district court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* § 1367(a). Nevertheless, a district court may decline to exercise its supplemental jurisdiction over state law claims of non-diverse parties if the court has dismissed claims over which it has original jurisdiction. *Id.* § 1367(c)(3). The decision to retain supplemental jurisdiction in the latter situation is within the sound discretion of the district court. *See Snapt Inc. v. Ellipse Commc'n Inc.*, 430 F. App'x 346, 350 (5th Cir. 2011). In determining whether to decline to exercise supplemental jurisdiction, a court should consider "whether the claim raises a novel or complex issue of state law, whether the state law claim predominates, whether the district court has dismissed all of the claims over which it had original jurisdiction, and, in exceptional circumstances, whether there are other compelling reasons for declining jurisdiction—as well as common law considerations—judicial economy, convenience, fairness, and comity." *Id.* Finally, no single factor is dispositive. *Id.*

In the instant case, the Court had original jurisdiction over CAFI's RICO claims under § 1331—federal question jurisdiction—and exercised supplemental jurisdiction over the remaining state law claims. Because complete diversity of citizenship is lacking between Plaintiff and Defendants, the Court cannot exercise diversity jurisdiction. As such, the Court must determine whether to retain jurisdiction over the non-diverse state law claims.[3] Here, while CAFI does not raise novel or complex issues of state law, the Court has dismissed all of the claims over which it had original jurisdiction by dismissing the RICO counts. Moreover, there are no compelling reasons to retain jurisdiction. The case is early enough in proceedings that CAFI would not be prejudiced by having to refile in state court. Moreover, declining jurisdiction over the state claims serves the interest of judicial economy. Therefore, the Court declines to retain jurisdiction over CAFI's remaining state law claims.

## CONCLUSION

The Court finds that VCI/KICD's Motion to Dismiss should be granted as CAFI failed to state sufficient facts to establish a violation of the civil RICO statute. Specifically, CAFI failed to establish that the Defendants acted as an enterprise as defined by the statute by failing to show that the association existed for purposes other than to commit the predicate acts, and failed to establish that the association functioned as a continuing unit over time. Moreover, the Court denies CAFI's Motion to Amend as any amendment to the pleadings would not cure the deficiencies. Finally, having dismissed the RICO claims, the Court declines to exercise its supplemental jurisdiction over the remaining state law claims as CAFI will not be prejudiced be

---

[3] The Court acknowledges that CAFI has obtained default judgments over the non-diverse Defendants. Nevertheless, the Court still does not have diversity jurisdiction in this case because "a default judgment does not remove the party from the case." *One Am. Corp. v. Fid. & Deposit Co. of Md.*, No. 92-3368, 1992 WL 394938, at *1(E.D. La, Dec. 16, 1992).

refiling in state court and because dismissing the claims serves the interest of judicial economy. Therefore, after due consideration, the Court finds that the following Orders should enter:

**IT IS HEREBY ORDERED** that Defendants Veterans Construction, Inc. and KIC Development, LLC's "Motion to Dismiss" is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned cause is **DISMISSED**.

**IT IS FINALLY ORDERED** that Plaintiff Capital Active Funding, Inc.'s Construed Motion to Amend Pleadings is **DENIED**.

**SIGNED** this **7th** day of **December, 2011.**

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE